**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael FARMER, Defendant–**
**Appellant.**

**No. 01–5031.**

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2002.

Before NORRIS and CLAY, Circuit

Judges; SARGUS, District Judge.*

Michael Farmer, proceeding through counsel, appeals the sentence imposed upon his convictions. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Farmer was indicted by a grand jury on one count of aiding and abetting bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and 18 U.S.C. § 2, and on one count of aiding and abetting the brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. Pursuant to a written plea agreement, he pleaded guilty to both counts and waived his right to appeal unless he received a sentence above the high end of the guidelines range of imprisonment. The probation officer then prepared a presentence investigation report (PSR) and calculated the guidelines range of imprisonment as 33 to 41 months for the bank robbery count and as 84 months for the § 924(c) count. Neither party filed objections to the PSR, but Farmer's counsel did move for a downward departure. The district court denied the motion and sentenced Farmer within the guidelines range to consecutive terms of imprisonment of 33 months and 84 months.

Farmer's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised one arguable issue: whether the district court erred by denying the motion for a downward departure. Farmer was advised of his right to file a response, but none has been received.

Upon review, we conclude that counsel's motion to withdraw should be granted as counsel has filed an acceptable *Anders* brief. We decline to review counsel's proposed issue as Farmer's plea was voluntarily entered and he has waived the right to appeal his sentence.

A guilty plea is valid if it is entered knowingly and voluntarily as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). An examination of the plea hearing transcript establishes that this standard is met in Farmer's case. Having entered a valid plea, Farmer has waived any antecedent non-jurisdictional defects in his conviction. *See Tollett v. Henderson,* 411 U.S. 258, 261–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

As noted above, Farmer's plea agreement contained an express waiver of his right to bring a direct appeal, unless the district court imposed a sentence above the high end of the guidelines range. This did not occur as the district court instead sentenced Farmer to the lowest sentence possible under the Guidelines. An appeal waiver provision in a plea agreement is binding as long as it was knowingly and voluntarily made. *Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir. 1998); *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996). Nothing in the record suggests that Farmer's assent to this provision was unknowing or involun-

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

tary. Hence, the agreement of the parties regarding this provision will not be disturbed. *See United States v. Fleming*, 239 F.3d 761, 764 (6th Cir.2001).

We have reviewed the record and conclude that no other colorable issues exist.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.