**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlis TAYLOR, Defendant–Appellant.**

No. 01–6422.

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 2002.

Before: SILER, COLE, and CLAY,
Circuit Judges.

*ORDER*

Carlis Taylor appeals his judgment of convictions and sentence. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Taylor pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and conspiracy to launder money in violation of 18 U.S.C. § 1956(h). The district court sentenced Taylor to 135 months of imprisonment and five years of supervised release, and the court imposed a $200 special assessment. In this timely appeal, Taylor's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he submits the following issues for review: 1) whether Taylor waived review of his claims in his plea agreement; 2) whether the district court should have departed downward from Taylor's sentencing guidelines range; and 3) whether the government should have filed a motion for a downward departure under USSG § 5K1.1. Taylor has not responded to his counsel's motion to withdraw.

Upon review, we conclude that Taylor has waived his challenges to his sentence. In his plea agreement, Taylor knowingly and expressly waived his right to appeal the imposed sentence, except for claims involving prosecutorial misconduct, ineffective assistance of counsel, or an upward departure from the applicable sentencing guidelines range. The district court reviewed this waiver with Taylor at his plea hearing and determined that he understood it. A defendant's knowing and voluntary waiver of his right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *United States v. Fleming*, 239 F.3d 761, 764–65 (6th Cir.2001); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.1995). Since none of Taylor's claims falls within the exceptions to the waiver set forth in the plea agreement, review of his claims is precluded on appeal.

Further, we have examined the record and conclude that no reversible error is apparent.

Accordingly, this court grants counsel's motion to withdraw and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.