**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nidal BAZZI (95–1435), Robert Michael Kelly (95–1505), Defendants–Appellants.**

**Nos. 95–1435, 95–1505.**

United States Court of Appeals, Sixth Circuit.

Submitted July 30. 1996.

Decided Sept. 9, 1996.

Kathleen Moro Nesi, Asst. U.S. Attorney (briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee in No. 95–1435.

John B. Payne, Jr. (briefed), Dearborn, MI, for Defendant–Appellant in No. 95–1435.

Kathleen Moro Nesi, Asst. U.S. Attorney (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellee in No. 95–1505.

Thomas V. Wilhelm (argued and briefed), Bloomfield Hills, MI, for Defendant–Appellant in No. 95–1505.

Before GUY, BATCHELDER, and DAUGHTREY, Circuit Judges.

PER CURIAM.

In this consolidated appeal both defendants Bazzi and Kelly challenge the four-point sentence enhancement each received pursuant to § 3B1.1 of the sentencing guidelines. *See* United States Sentencing Commission, *Guidelines Manual*, § 3B1.1 (Nov. 1994). Bazzi also claims as error the district court's refusal to allow him to withdraw his guilty plea.

After reviewing the record, we conclude that pursuant to the written Rule 11 plea agreement entered into by each defendant, *see* Fed.R.Crim.P. 11, the right to challenge the § 3B1.1 enhancement has been waived. We also find that the district judge did not abuse her discretion in denying Bazzi's motion to withdraw his guilty plea.

## I.

Bazzi and Kelly were two of eighteen defendants indicted for various drug offenses. All eighteen defendants pleaded guilty. Bazzi and Kelly both entered into written Rule 11 plea agreements and entered guilty pleas to Count I of the indictment that charged a conspiracy to possess and distribute cocaine and marijuana.

Approximately one month after the court accepted the guilty pleas, Bazzi moved to withdraw his plea. The court denied this motion and Bazzi was sentenced to a term of imprisonment of 240 months. Shortly there-

after, Kelly was given a 168–month sentence. Kelly received a lesser sentence as a result of the government making a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, based on Kelly's cooperation.

## II.

We first address Bazzi's claim of error as it relates to the court's denial of his plea withdrawal motion. We review such denials under an abuse of discretion standard, *United States v. Alexander,* 948 F.2d 1002, 1003 (6th Cir.1991), *cert. denied,* 502 U.S. 1117, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992), and it is the defendant's burden to demonstrate that proper grounds exist for the granting of the motion. *United States v. Triplett,* 828 F.2d 1195, 1197 (6th Cir.1987).

The law governing the withdrawal of guilty pleas in this circuit is well summarized in our recent decision in *United States v. Bashara,* 27 F.3d 1174, 1180–81 (6th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995):

> "If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed. R.Crim.P. 32(d).
>
> Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."
>
> *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991) (quoting *United States v. Carr,* 740 F.2d 339, 345 (5th Cir.1984)), *cert. denied,* 502 U.S. 1117, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992). In determining whether a defendant invoking Rule 32(d) has shown a "fair and just reason," this court considers such factors as those set forth in *Alexander* and in *United States v. Head,* 927 F.2d 1361, 1375 (6th Cir.), (citing *United States v. Spencer,* 836 F.2d 236, 238 (6th Cir.1987)), *cert. denied,* 502 U.S. 846, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991). These include: (1) the amount of time that

elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

The factors listed are a general, non-exclusive list and no one factor is controlling. We find it unnecessary to address each of these factors since the defendant has wholly failed to show any "fair and just reason" for withdrawing his plea and has not demonstrated any abuse of discretion on the part of the trial judge.

This was an 18–defendant case and all of the other defendants had entered into guilty plea bargains prior to Bazzi seeking to withdraw his plea. The government thus had lost any leverage it might have needed relative to other defendants testifying against Bazzi. Since all of the defendants had entered guilty pleas, the government also had ceased its trial preparation for what would have been a lengthy and involved trial.

Furthermore, the other defendants, as part of their guilty pleas, had, under oath, implicated Bazzi as a principal in the conspiracy. Bazzi was represented by counsel at all stages of these proceedings and, in fact, counsel felt that Bazzi's attempt to withdraw his guilty plea was against Bazzi's best interest, and counsel asked to withdraw from further representation.

Additionally, Bazzi was a veteran of the criminal justice system and made no claim to innocence until he discovered that some of his codefendants had made, at least in his view, more favorable plea agreements. Both at the plea taking and by signing his Rule 11 plea agreement, Bazzi had acknowledged his guilt. There is no claim that the plea bargain was entered into other than knowingly and voluntarily.

### III.

■ Both defendants claim that the four-point enhancement each received for a leadership role in the offense was not supported by the record in that the trial judge failed to make a proper finding that "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive...." U.S.S.G. § 3B1.1(a).[1] We conclude that we do not have to reach the merits of this contention since both defendants have waived their right to make the challenge.

Both Bazzi and Kelly entered into written and signed Rule 11 plea agreements. These agreements were reviewed by the court with each defendant at the time his guilty plea was taken. Bazzi agreed that his guideline range was 210 to 260 months and the government agreed that any sentence imposed would not exceed 240 months. Kelly agreed that his guideline range was 235 to 293 months. The government agreed that any custody sentence imposed would not exceed 240 months, and that Kelly would receive a three-level reduction for acceptance of responsibility. The government also agreed that, based on Kelly's continued cooperation, it would make a downward departure motion and recommend a sentence of 168 months.

Both defendants agreed to the sentencing calculations attached to the worksheets that were part of the written plea agreement:

The worksheets attached to this agreement represent the joint position of the parties on the factors to be considered in calculating the appropriate sentence range under the sentencing guidelines promulgated under 28 U.S.C. § 994(a).

(App. 27.) [2]

More significantly, however, both Bazzi and Kelly agreed to a waiver of appeal:

Defendant agrees not to appeal or otherwise challenge the constitutionality or legality of the sentencing guidelines. Defendant agrees not to appeal the accuracy of

any factor stipulated to in the attached worksheets.

(App. 34).[3]

The worksheet for each defendant specifically provided for a four-level increase for their role in the offense referencing § 3B1.1 of the sentencing guidelines.

We are already on record in this circuit as construing such waivers to be binding. In *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.), *cert. denied, Daughtrey v. United States,* — U.S. ——, 116 S.Ct. 166, 133 L.Ed.2d 108 (1995), we stated:

Initially, it should be noted that Daughtrey's plea agreement waived his right to contest any aspect of his sentencing. As previously disclosed, the subsequent amendment to that contract invested him with the right to appeal *only* the statutory construction issue resolved herein Any right, even a constitutional right, may be surrendered in a plea agreement if that waiver was made knowingly and voluntarily.

We recently reaffirmed this holding in *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 548, 133 L.Ed.2d 450 (1995):

By appealing an issue that she stipulated to and agreed not to contest Allison is attempting to void the plea agreement in violation of *Ashe. See also United States v. Mandell,* 905 F.2d 970, 972 (6th Cir. 1990) ("[O]nce the district court accepts the plea agreement, it is bound by the bargain."). Accordingly, we find that Allison waived her right to appeal the abuse of a position of trust enhancement.

Both defendants received the benefit of the government's promises and may not now avoid the consequences of their equally binding promises.

**AFFIRMED.**

---

1. Only Kelly raised the enhancement issue in district court.

2. This quote is from Bazzi's plea agreement. Identical language is contained in Kelly's agreement (app. 45).

3. This quote is from Bazzi's plea agreement. Identical language is contained in Kelly's agreement (app. 52.)