**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pablo W. HUTCHINS, Defendant–
Appellant.**

**No. 01–5098.**

United States Court of Appeals,
Sixth Circuit.

Dec. 7, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

This is a direct appeal from a judgment of conviction in a criminal prosecution in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

On March 30, 2000, Pablo Hutchins was named in a multiple-count, multiple-defendant superseding indictment in connection with a drug acquisition and distribution scheme. The district court subsequently accepted Hutchins's plea and found him guilty of conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846. The court sentenced Hutchins to a sixty-month term of imprisonment and a five-year period of supervised release and this appeal followed. Counsel for Hutchins filed a motion to withdraw from this appeal and a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hutchins was served with the motion and brief and was invited to respond, but he chose not to do so.

Hutchins was apparently a minor cog in a large cocaine distribution network who, when named in the superseding indictment, quickly offered to plead guilty and cooperate with the government in whatever way he could. The parties reduced this plea to writing, the agreement consisting of a formal document styled as "Petition to enter a plea of guilty," and a letter on United States Attorney letterhead that was incorporated by reference. In the Petition, Hutchins stipulated that the quantity of cocaine attributable to him for sentencing purposes was "between 5 and 15 kilos." In the attached letter, initialed by Hutchins, the government notes that

the defendant knowingly waives the right to appeal any sentence within the maximum provided in the offense level as determined by the court or the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. Such waiver does not apply, however, to claims of prosecutorial miscon-

duct, ineffective assistance of counsel, or if the Court departs upward. The defendant also knowingly waives the right to challenge the sentence imposed and the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

The parties appeared before the district court for the plea colloquy. At that time, the district court ascertained that Hutchins was competent to enter the plea, that he was proceeding voluntarily, and that he was aware of the full panoply of constitutional protections he was giving up in offering his plea. The court specifically mentioned Hutchins's waiver of the right to appeal the sentence unless the conditions precedent, as outlined in the incorporated letter, were met. At no time did Hutchins express any reservations about entering into the plea agreement. The court reserved acceptance of the plea until the preparation of the pre-sentence report.

The matter proceeded to sentencing. Counsel for Hutchins presented a pro forma objection to the calculation of Hutchins's criminal history category that the district court overruled. The court heard from Hutchins and the government, concluded that the mandatory minimum sentence for Hutchins was 120 months, then proceeded to effect a downward departure to sixty (60) months imprisonment.

 Counsel for Hutchins raises two sentencing issues for appellate review, in furtherance of his duty under *Anders*, while conceding their lack of merit unless this court chooses not to accept the fact or terms of Hutchins's waiver of his appeal rights. This court reviews questions of the waiver of appellate rights for clear error. *See United States v. Ashe*, 47 F.3d

770, 776 (6th Cir.1995). A knowing and voluntary waiver of the right to appeal contained in a plea agreement is valid and will preclude this court's review of the merits of an appeal. *See United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995); *Ashe,* 47 F.3d at 775–76. Whether a guilty plea was knowing and voluntary is determined by the totality of the circumstances. *See Berry v. Mintzes,* 726 F.2d 1142, 1149 (6th Cir.1984).

Careful review of the record reveals not one indication that Hutchins's plea was made without his knowledge and enthusiastic cooperation. Hutchins did not register any reservations or concerns about his plea during the plea colloquy, the sentencing hearing, or in response to his appellate counsel's request to withdraw and "no merit" letter. Hutchins was the rare beneficiary of a substantial, fifty percent downward departure in his mandatory minimum sentence. This panel is loathe to upset any plea-based conviction in which the defendant received such a substantial consideration for his plea. This appeal presents no issues for review and there are no other reasons to disturb the district court's judgment.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.