**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Samingo RAMOS, Defendant–**
**Appellant.**

**No. 01–5592.**

United States Court of Appeals,
Sixth Circuit.

April 25, 2002.

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District Judge.*

*ORDER*

This is a direct appeal from a judgment and commitment order in which counsel for the defendant moves to withdraw from appellate representation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, a federal grand jury named David Samingo Ramos and another individual in a two-count indictment for conspiring to distribute marijuana and over 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. Ramos agreed to plead guilty to the indictment and the court accepted the plea. Ramos was found guilty of both counts and sentenced to a seventy-eight month term of imprisonment. This appeal followed. Counsel for Ramos filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ramos was served with this motion and a copy of the brief and was invited to respond, but he has not done so.

On June 5, 2000, law enforcement agents at the Phoenix, Arizona, airport noticed that Patricia Rios checked luggage onto a flight to Nashville, Tennessee, but did not board the airplane. The officers examined the abandoned luggage, distinctively marked with a pink hair band, and discov-

---

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

ered that it contained packages of marijuana and methamphetamine. The officers arranged a controlled delivery of a similar bag, upon which they affixed the hair band, to the Nashville airport. Nashville authorities had observed appellant Ramos "hanging around" the baggage carousel where the luggage from Rios's flight would be unloaded and onto which the officers ultimately placed the replaced drug-filled bag. Ramos was seen watching the circling bags on the carousel and, upon the appearance of the marked duffel bag, he placed a call from a nearby telephone. Another individual (co-defendant Alfonso Brambila) quickly arrived at the carousel, picked up the targeted duffel bag and proceeded with Ramos to an exit. Officers questioned the pair and, after Brambila claimed ownership of the bag and its contents, he and Ramos were asked to accompany the officers to the airport drug interdiction office. The pair agreed and they were given their Miranda warnings. Officers eventually found papers linking the pair to each other and to Patricia Ramos. They were arrested and later charged in federal court on two counts (conspiracy to possess marijuana and methamphetamine).

Ramos subsequently petitioned to enter a plea of guilty to both counts of the indictment. Relevant terms of the petition included Ramos's agreement to plead to the indictment in exchange, in part, for the government's commitment to recommend a three level reduction in Ramos's base offense level in recognition of his acceptance of responsibility. In addition, Ramos agreed to waive his right to appeal the sentence received if within the estimated maximum except for possible claims of prosecutorial misconduct, ineffective assistance of counsel or unless the court effected an upward departure. There is no specific agreement as to the amount of marijuana or methamphetamine for which Ramos would be held accountable at sentencing.

The matter proceeded to a Fed. R.Crim.P. 11 colloquy before the district court. The court ascertained Ramos's capacity to offer the guilty plea, detailed for Ramos the constitutional protections he was waiving by offering the plea, and established a factual basis for the plea. The latter was a recitation, under oath and without objection, of the investigation and arrest of Ramos. Included in this recitation was the statement that the duffel bag contained 885.5 grams of methamphetamine and 460 grams of marijuana. The district court accepted the plea agreement and set the matter over for sentencing.

The district court conducted a sentencing hearing after the preparation of a presentence report. The court noted the guideline range of seventy to eight-seven months, entertained comments from Ramos and the government, and proceeded to sentence Ramos to a seventy eight month term of incarceration with a five year period of supervised release.

■ Counsel for Ramos sets forth one arguable issue for appellate review in furtherance of his duty under *Anders.* The arguable issue is whether the district court erred in failing to effect a USSG § 5K1.1 "substantial assistance" downward departure in the absence of a motion to do so by the government. It is initially noted that Ramos specifically agreed to waive his right to raise this class of appellate issue if sentenced within the contemplated range. He was so sentenced. This court reviews questions of the waiver of appellate rights for clear error. *See United States v. Ashe,* 47 F.3d 770, 776 (6th Cir.1995). A knowing and voluntary waiver of the right to appeal contained in a plea agreement is valid and will preclude this court's review of the merits of an appeal. *See United States v. Bazzi,* 94 F.3d 1025, 1028 (6th

Cir.1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995); *Ashe,* 47 F.3d at 775–76. Whether a guilty plea was knowing and voluntary is determined by the totality of the circumstances. *See Berry v. Mintzes,* 726 F.2d 1142, 1149 (6th Cir.1984). There is no indication that Ramos's plea was made without his knowledge and cooperation. Ramos did not register any reservations or concerns about his plea during the plea colloquy, the sentencing hearing, or in response to his appellate counsel's request to withdraw and "no merit" letter. There is no evidence or allegation of prosecutorial misconduct in this regard. The record and law thus support the conclusion that Ramos waived his right to advance this issue on appeal.

■ In addition, a claim that a court did not effect a downward departure, is generally not cognizable on appeal as a matter of law. *See, e.g., United States v. Griffith,* 17 F.3d 865, 882 (6th Cir.1994). There is no indication of record that the court was acting under any misapprehension concerning its authority under the guidelines in this context. There is no other error advanced or apparent.

Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.