**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Philip HARPER, Defendant–Appellant.**

**No. 00–2347.**

United States Court of Appeals,
Sixth Circuit.

June 27, 2002.

Before MARTIN, Chief Circuit Judge; KEITH, and KENNEDY, Circuit Judges.

PER CURIAM.

Philip Harper appeals his plea-based conviction and sentence on cocaine and marijuana charges. He raises three issues on appeal. First, he argues that the district court should have allowed him to withdraw his guilty plea. Second, he argues that the district court erroneously refused to grant him a sentence reduction for his acceptance of responsibility. We do not reach the second question, however, because Harper waived his right to appeal that issue. Lastly, Harper argues *pro se* that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). For the following reasons, we AFFIRM his conviction and sentence.

I.

Pursuant to a Rule 11 plea agreement, Harper pleaded guilty to conspiracy to distribute cocaine, cocaine base, and marijuana; distributing cocaine, and; attempted possession with intent to distribute marijuana. At the time of his plea, Harper expressed to the court that he thoroughly and completely understood the terms and provisions of the agreement. He also affirmed that he and his lawyer spent a great deal of time going over the agreement. The court then went over the plea agreement with Harper, section by section, asking him whether he understood each part. Harper specifically affirmed that he understood paragraph seven, the appeal waiver provision, which states:

Defendant agrees not to appeal his conviction and/or whatever sentence is imposed, if within the terms agreed to herein, on grounds other than ineffective assistance of counsel including any appeal right conferred by Title 18, United States Code Section 3742 ... Defendant agrees not to contest either his conviction or the sentence in any post conviction proceeding including, but not limited to, any proceeding under Title 28, United States Code 2255.

The parties originally anticipated that the defendant's adjusted offense level would be thirty-five, after factoring in a three-point reduction for acceptance of responsibility. This would yield a guideline range of fourteen years to seventeen years and six months. According to the plea, Harper's sentence "would not exceed the mid-point of the guideline range which the court finds applicable." *Plea Agreement* § 2(c). The agreement specified that "it is the court's determination as to the guidelines, not the parties, which controls at sentencing." *Id.* At the hearing, Harper affirmed that he understood these provisions.

After going over the plea agreement with Harper, the district court explained all of the rights Harper was waiving by pleading guilty. Harper affirmed that he was fully satisfied with his lawyer's representation. Harper then recited a factual basis for each of the charges for which he pleaded guilty. The district court determined that he was "fully competent and capable of entering informed pleas," and that his pleas were "knowing and voluntary."

The sentencing hearing was scheduled for August 22, 1996. Harper did not show up for the sentencing. Instead, he fled and went into hiding. He was found four years later, living in Memphis, Tennessee, under a false name. His stated excuse for going into hiding is that he was scared of

Lee Strickland who had killed one of Harper's co-defendants after Harper pleaded guilty, but before his scheduled sentencing. However, Strickland was indicted and apprehended nine months after Harper fled, and was convicted and sentenced to life imprisonment thereafter. Harper remained in hiding for almost a year and a half after Strickland was sentenced to a life in prison.

After he was captured, Harper's guideline range was recalculated, adding two points for obstruction of justice, and negating the three-point reduction for acceptance of responsibility. At the sentencing hearing, Harper sought to withdraw the guilty plea claiming that he did not understand it because he did not finish high school and that his counsel had told him that his plea would produce a lesser sentence than if he went to trial. The district court found this claim meritless.

Then Harper argued that he had accepted responsibility despite the fact that he did not show up for the original sentencing four years prior, had lived under a false name, and had just tried to withdraw from the guilty plea. The district court determined he had not accepted responsibility. His revised offense level of forty produced a guideline range of twenty-four years and four months to thirty years and five months. Abiding by the terms of the agreement, the court sentenced him to twenty-four years and four months on count one, twenty-four years and four months on count five, and five years on count eight, all to be served concurrently.

Harper appeals his conviction and sentence on three grounds. He argues (1) that the district court abused its discretion by refusing to allow him to withdraw the guilty plea, (2) that the district court erroneously refused to give him an acceptance of responsibility reduction, and (3) that his sentence violates the rule set out in *Apprendi v. New Jersey*, 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000). Harper does not address the issue of the plea waiver. First we decide, for reasons discussed below, that the district court did not abuse its discretion by disallowing Harper to withdraw his plea. Because we find him bound by his plea agreement, the second question we address is whether his plea agreement precludes him from appealing his acceptance of responsibility claim. We find that it does. Finally, we address Harper's *Apprendi* argument, and conclude that it is meritless.

## II.

We review the district court's denial to withdraw the plea for abuse of discretion. *United States v. Bazzi,* 94 F.3d 1025, 1027 (6th Cir.1996). Harper bears the burden of demonstrating that the district court erred. *Id.*

■ Under Federal Rule of Criminal Procedure 32(d), the defendant may withdraw his guilty plea if he has a "fair and just reason" for doing so. Fed.R.Crim.P. 32(d). The aim of the rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone." *United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir.1994). It does not "allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice." *Id.* The court considers a number of factors in determining whether to grant a motion to withdraw including: (1) the amount of time that elapsed between the plea and the motion to withdraw; (2) the presence of a valid reason for failing to withdraw sooner; (3) whether the defendant has maintained his innocence; (4) the circumstances surrounding the guilty plea; (5) the defendants nature and background; (6) the degree to which the defendant has dealt with the criminal justice system; and (7) potential prejudice the government will suffer if the defendant

withdraws the plea. *Bazzi,* 94 F.3d at 1027 (quoting *Bashara,* 27 F.3d at 1181). These are general, non-exclusive factors. *Id.* We need not address each factor because, in this case, the defendant has entirely failed to offer any "fair and just reason" for withdrawing his plea. *Id.*

Harper's submitted reason for withdrawing is that his lawyer told him that he would receive a lower sentence if he pleaded guilty rather than if he went to trial. His lawyer, of course, did not know that Harper would not show up for the original sentencing, assume a false identity, and go into hiding. Harper specifically affirmed that he understood that the judge makes the final decision as to the appropriate guideline range. Once Harper was recaptured, his sentence was adjusted to reflect his obstruction of justice and his failure to accept responsibility.

Harper offers no "fair and just reason" tending to show he had an "an unsure heart and a confused mind" at the time he entered the plea. Instead, his attempted withdrawal is an outright "tactical decision," made solely, as he admits, to try to reduce his sentence. As our prior precedent makes clear, Rule 32(d) does not permit a defendant to withdraw for purely tactical reasons. *Bashara,* 27 F.3d at 1181; *Bazzi,* 94 F.3d at 1027. For this reason, the district court concluded that Harper's motion to withdraw was entirely meritless. Harper fails to show that the district court's determination was an abuse of discretion.

## III.

■ Because we find Harper bound by his plea agreement, the next question is whether the agreement precludes him from appealing his argument that he should have received an acceptance of responsibility reduction.

In his plea, Harper agreed that, except for a claim of ineffective assistance of

counsel, he would not appeal his sentence if it fell within the terms of the plea agreement, as it does in this case.[1] The question is whether the waiver of his right to appeal was made "knowingly and voluntarily." *United States v. Ashe*, 47 F.3d 770, 776 (1995). We review the district court's determination that the defendant knowingly and voluntarily entered into the plea agreement for clear error. *Id.* If this court does not find clear error, the defendant "cannot be excused from the plain meaning of that contract." *Id.*

Harper simply does not address the fact that the plea agreement had an appeal waiver provision. He makes no attempt to argue that the waiver was not knowing and voluntary. The district court went over the agreement in full detail with Harper who said he completely and thoroughly understood it. In addition, he specifically affirmed that he understood he was waiving his right to appeal. Because Harper offers no reason to doubt the district court's determination that the appeal waiver was knowing and voluntary, we find him precluded from appealing his acceptance of responsibility claim.

### IV.

Harper argues *pro se* that his sentence runs afoul of *Apprendi*. This court has addressed *Apprendi* arguments despite a plea agreement's appeal waiver provision. *See United States v. Mincy*, 36 Fed.Appx. 798, 2002 WL 509179 (6th Cir.(Ohio)). In *Apprendi*, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In this case, *Apprendi* is not applicable because Harper admitted in his plea agreement to the quantity of drugs for which he was accountable, namely, "1.5 kilograms or more of cocaine base." *Plea Agreement* § 2(c). When a defendant admits the quantity of drugs for which he is responsible, there can be no *Apprendi* error because "such an admission effectively resolves any doubt about drug quantity." *United States v. Stafford*, 258 F.3d 465, 477 (6th Cir.2001). Accordingly, Harper's *Apprendi* argument is meritless.

### V.

For the preceding reasons, we AFFIRM Harper's conviction and sentence.

---

1. The terms were that "any sentence of incarceration shall not exceed the mid-point of the guideline range which the court finds applicable." Though the parties anticipated an offense level of thirty-five, the parties agreed "that it is the court's determination as to the guidelines, not the parties, which controls at sentencing." *Plea Agreement* § 2(c).