**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Louis MONK, Jr., Defendant–Appellant.**

No. 01–2311.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.[*]

### ORDER

Louis Monk, Jr., pleaded guilty to committing bank fraud, a violation of 18 U.S.C. § 1344. His total offense level was reduced by two points for acceptance of responsibility, which resulted in a sentencing guideline range of 18–24 months. On September 6, 2001, the district court sentenced Monk to twenty-one months of imprisonment and four years of supervised release. It is from this judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Monk argues that the court erred by granting only a two-level reduction for acceptance of responsibility, under USSG § 3E1.1. He maintains that a three-level

[*] The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

reduction was appropriate, as he had given the government timely notice of his intention to plead guilty. However, Monk signed a plea agreement that included a waiver of his right to raise this type of claim on appeal:

> H. The defendant, by entering into this plea agreement, knowingly and voluntarily gives up any right he may have to appeal any sentence which is within the parameters of this agreement as delineated above.

The district court confirmed Monk's understanding of this waiver provision when he entered his guilty plea, and it is obvious that his sentence fell within the parameters of the plea agreement, which anticipated a maximum sentence of twenty-four months. Hence, Monk has waived his right to appeal the district court's calculation of his sentence. *See United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995).

Nevertheless, we note that Monk's claim is lacking in merit. The district court's findings on this issue are reviewed for clear error. *See United States v. Gilbert,* 173 F.3d 974, 979 (6th Cir.1999). To obtain a full, three-level reduction for acceptance of responsibility, Monk was required to show by a preponderance of the evidence that he had assisted the authorities by:

> (1) timely providing complete information to the government concerning his own involvement in the offense; or
>
> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently.

USSG § 3E1.1(b) (2000). The conduct that qualifies for a reduction under these subsections will generally occur "particularly early in the case." USSG § 3E1.1, comment. (n.6) (2000).

Monk now argues that the government had established a deadline for acceptance of its plea offer and that he advised the prosecutor of his decision to plead guilty on the last day of the deadline. This argument is unavailing because notification of a defendant's intent to plead guilty is not the only requirement for granting a three-level reduction under § 3E1.1(b)(2). The notification also must be made within sufficient time to permit the government to avoid preparing for trial and to permit the court to allocate its resources efficiently. USSG § 3E1.1(b)(2) (2000).

Monk did not advise the government that he was interested in accepting the plea offer until the Friday before the Monday on which his trial was scheduled to begin. The prosecutor asserted that he had already done a significant amount of trial preparation by that time. Moreover, it is undisputed that the prosecutor's plea offer included only a two-level reduction for acceptance of responsibility. Under these circumstances, the district court did not commit clear error by finding that Monk had not met his burden of showing that he was entitled to an additional reduction under § 3E1.1(b)(2). *See United States v. Smith,* 245 F.3d 538, 547 (6th Cir.2001); *United States v. Bashara,* 27 F.3d 1174, 1184–85 (6th Cir.1994).

Accordingly, the district court's judgment is affirmed.