**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William F. DANIEL, Defendant–Appellant,**

No. 02–4095.

United States Court of Appeals, Sixth Circuit.

Aug. 25, 2003.

Joseph M. Pinjuh, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Spiros P. Cocoves, Toledo, OH, for Defendant–Appellant.

Before KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

## *ORDER*

William F. Daniel, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2002, Daniel pleaded guilty to possessing with intent to distribute over 50 grams of cocaine base in violation of 21 U.S.C. § 841, and using and/or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Daniel was sentenced to a total of 160 months of imprisonment. Daniel has filed a timely appeal, arguing that his guilty plea was invalid because the district court failed to inform him that if he pleaded guilty there would not be a further trial of any kind.

Upon review, we conclude that Daniel is not entitled to relief on his claim that his guilty plea is invalid because he voluntarily waived his right to appeal. An appeal waiver provision in a plea agreement is binding as long as it was knowingly and voluntarily made. *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996). Pursuant to the terms of the agreement, Daniel specifically waived "his right to appeal his conviction and sentence herein." Furthermore, a review of the guilty plea transcript clearly reflects that the magistrate judge reviewed with Daniel the "waiver of appeal" clause contained in the plea agreement. The magistrate judge explained the "waiver of appeal" language contained in the plea agreement, and Daniel testified that he understood the language and that he was waiving his right to appeal. There is nothing in the record to suggest that Daniel's assent to the "waiver of appeal" provision was unknowing or involuntary.

Nonetheless, we conclude that Daniel's guilty plea was valid. Daniel's only argument is that the district court failed to inform him that if he pleaded guilty there would not be any trial. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See*

*Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that the circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Here, contrary to Daniel's argument, the record reflects that Daniel was informed that, if he pleaded guilty, there would not be a trial. The magistrate judge specifically informed Daniel that he had "the right to a jury trial," but that he would be "giving up that right" by entering a plea of guilty. Moreover, Daniel's plea agreement advised him that by pleading guilty, he "specifically and voluntarily waive[d]" his "right to a trial by jury or by the court." The magistrate judge's failure to specifically advise Daniel that "there will not be a further trial of any kind" does not require a remand to permit Daniel to renew his guilty plea. Any variance from the procedures required by Rule 11 which does not affect substantial rights shall be disregarded. *See* Fed.R.Crim.P. 11(h); *United States v. Turner*, 272 F.3d 380, 384 (6th Cir.2001) (noting that violations of Rule 11 are subject to a harmless error analysis). Here, any error was harmless because Daniel had clearly been advised that he was waiving his right to a trial by jury or by the court.

Accordingly, we affirm the judgment of conviction and sentence.