**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Les Paul GADDIS, Defendant–
Appellant.**

No. 02–5122.

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 2003.

Before CLAY and COOK, Circuit Judges; and STAFFORD, District Judge.*

*ORDER*

Les Paul Gaddis, a federal prisoner, appeals the sentence imposed upon his convictions. This case has been referred to a panel of the Court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Gaddis pleaded guilty on August 6, 2001, to conspiracy to manufacture 50 grams or more of methamphetamine, aiding and abetting an attempt to manufacture 50 grams or more of methamphetamine, aiding and abetting the manufacture of 50 grams or more of methamphetamine, and aiding and abetting possession with intent to distribute 5 grams or more of methamphetamine. *See* 21 U.S.C. §§ 846 and 841(a)(1). The plea agreement provided in part that Gaddis waived his right to appeal any sentence within the statutory maximum. The presentence investigation report calculated Gaddis's offense level as 34, his criminal history category as I, and the guidelines range of imprisonment as 151 to 188 months. At sentencing, the district court granted the government's USSG § 5K1.1 motion and reduced Gaddis' of-

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

fense level by one. Gaddis was then sentenced to 135 months in prison, 5 years of supervised release, and a $400 special assessment.

Gaddis' court-appointed counsel has filed an appellate brief with this Court and also a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that no meritorious issues were found after review of the entire record. In support of this conclusion, counsel examined the validity of Gaddis' waiver of his right to appeal. Gaddis has filed a response, arguing that the district court committed reversible error by not offering him an opportunity to allocute at sentencing and by not sua sponte providing him with a transcript of an in camera hearing on the government's § 5K1.1 motion.

Upon review, we conclude that counsel's motion to withdraw should be granted because counsel has filed an acceptable *Anders* brief.

Counsel properly concluded that Gaddis' waiver of his right to appeal his sentence is valid. An appeal waiver provision in a plea agreement is binding as long as it was knowingly and voluntarily made. *Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996). Nothing in the record suggests that Gaddis' assent to this provision was unknowing or involuntary. At the plea hearing, Gaddis stated that no one had threatened him or otherwise coerced him into pleading guilty. Gaddis acknowledged his understanding of the plea agreement after the government outlined the terms, including the waiver provision. Gaddis again acknowledged that he understood when the district court asked him if he was aware that he had the right to appeal, but had waived it in the plea agreement.

We decline to consider Gaddis' challenges to the sentencing proceedings.

Because Gaddis's waiver of his right to appeal his sentence was knowing and voluntary, the agreement of the parties regarding this provision will not be disturbed. *See United States v. Fleming,* 239 F.3d 761, 764 (6th Cir.2001). Gaddis thus is precluded from challenging his sentence. *See United States v. Sykes,* 292 F.3d 495, 500 (6th Cir.2002).

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.