**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward Darnell PEARL, Defendant–Appellant.**

**No. 02–4002.**

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2003.

Joseph M. Pinjuh, U.S. Attorney's Office, Cleveland, OH, for Plaintiff-Appellee.

Martin J. Beres, St. Clair Shores, MI, for Defendant-Appellant.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

## ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution. The parties have agreed to waive oral argument, and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Edward Pearl was indicted on three related conspiracy and drug counts. Pearl and his counsel subsequently agreed to enter a guilty plea to one count of the indictment. The district court accepted the plea and found Pearl guilty of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The court sentenced Pearl to a seventy-seven month term of imprisonment and a six year period of supervised release. This appeal followed.

Pearl was one of forty individuals indicted for their roles in a conspiracy to acquire and distribute cocaine base in Cleveland, Ohio. Pearl was charged with conspiring to distribute more than fifty grams of cocaine base (Count One), and distributing 3.39 and 3.19 grams of cocaine base (Counts Ten and Eleven). The United States also filed a notice of sentence enhancement under the provisions of 28 U.S.C. §§ 841(b)(1)(C) and 851 that effectively established Pearl's statutory maximum sentencing exposure as thirty years imprisonment. Pearl thereafter entered into a plea agreement.

Pearl agreed to plead guilty to Count One of the indictment, conspiring to distribute cocaine base, with the object of the conspiracy being at least four, but fewer than five, grams of cocaine base, and the government would move to dismiss Counts Ten and Eleven. The parties contemplated that Pearl's base offense level would be twenty-four, based on the quantity of cocaine base, and that the government would make a motion for a downward departure in that base offense level based on Pearl's

cooperation. Pearl agreed not to seek any downward .departure from the applicable sentencing range. Pearl also committed to waive virtually all of his available rights to file a direct appeal and post-conviction petitions. Pearl said that he understood the agreement and the government established a factual basis for the plea. The court accepted the plea and delayed sentencing until after the preparation of a pre-sentence report.

The parties met for sentencing following completion of the pre-sentence report. The report contained a recommended guideline sentencing range of seventy to eighty-seven months based on a base offense level of twenty-one and a criminal history score of V. The district court confirmed these figures and asked each counsel if there were any objections to these numbers. Counsel stated that there were no objections and the court gave each a chance to speak. Pearl's counsel asked for a sentence at the low end of the guideline range and for recommendations from the court that Pearl be incarcerated at Morgantown, West Virginia, and that he be placed in a comprehensive drug treatment program. Pearl was permitted to speak and the district court sentenced him to a seventy-seven month term of imprisonment with the two recommendations requested by counsel.

Counsel for Pearl advances two issues in this appeal. First, counsel argues that Pearl's trial counsel was constitutionally ineffective when he failed to "allocute and/or advocate non-prohibited sentencing factors" in requesting a downward departure or a sentence at the lowest end of the guideline range. In addition, counsel maintains that the district court erred in failing to make written findings of fact, or determine that no finding was necessary, as required by Fed.R.Crim.P. 32 in response to defendant's objections to the pre-sentence report.

■ The first assigned error will not be addressed on the merits in this proceeding. The substance of this claim is that Pearl's counsel was ineffective because 1) he did not challenge Pearl's criminal history score as overstated, and 2) he did not raise "non-prohibited sentencing factors" in an attempt to win Pearl a sentence at the bottom (seventy months) of the sentencing range instead of at the seventy-seven month mid-point. Counsel suggests that the criminal history argument should have been made in the context of requesting a downward departure. Counsel also speculates that an argument for a lower sentence would have "very likely" resulted in a seventy month sentence.

This court has expressed a longstanding preference not to entertain ineffective assistance of counsel claims on direct appeal. *See, e.g., United States v. Brown,* 276 F.3d 211, 217 (6th Cir.2002). Claims that one received constitutionally ineffective trial counsel are typically pursued "in a proper post-conviction proceeding under 28 U.S.C. § 2255." *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). The case at bar is an excellent example of a record that is patently not developed enough to support a claim of ineffective assistance of trial counsel. Counsel's rank speculation to the contrary, the record is completely devoid of any support for findings that a lower sentence was "very likely" or that any of the suggested actions by counsel would have resulted in a reduced criminal history score. This appellate claim must be denied as premature.

■ The second claim is without merit. Counsel for Pearl argues that the district court violated former Fed.R.Crim.P. 32(c)(1) by failing to make required findings of fact regarding disputed sentencing factors. Counsel for Pearl bases this claim on the written objections Pearl's trial counsel made to the calculation of his criminal history category, but to which he did not make a formal objection in open court.

In fact, trial counsel specifically informed the district court immediately prior to the imposition of sentence that he had no objections to the guideline sentencing range. This failure to reiterate an objection constituted a waiver of his right to object to any of the guideline sentence calculations. *United States v. Bennett,* 291 F.3d 888, 899 (6th Cir.2002) (citing *United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir. 1996)). In addition, there has been no suggestion that Pearl's commitment to waive his right "to appeal his conviction and sentence herein" is not valid. A defendant in a criminal case may waive the right to appeal, *United States v. Fleming,* 239 F.3d 761, 763–64 (6th Cir.2001); *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995), as long as the waiver is knowing and voluntary. A knowing and voluntary waiver of a right to appeal contained in a plea agreement is presumptively valid and will preclude review of an issue on appeal. *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995). This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.