**Robert Michael KELLY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–1938.

United States Court of Appeals, Sixth Circuit.

March 19, 2004.

Robert Michael Kelly, Federal Correctional Institution, Jesup, GA, pro se.

Patricia G. Gaedeke, U.S. Attorney's Office, Detroit, MI, for Respondent–Appellee.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, District Judge.*

### ORDER

Robert Michael Kelly, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Kelly pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. The court sentenced him to 168 months of imprisonment. On September 9, 1996, a panel of this court affirmed Kelly's conviction and sentence on appeal. *United*

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

*States v. Bazzi,* 94 F.3d 1025 (6th Cir. 1996). Kelly did not file a petition for a writ of certiorari with the United States Supreme Court.

Subsequently, Kelly filed a § 2255 motion. The motion was signed on June 20, 2001, and was filed on June 29, 2001. In his § 2255 motion, Kelly raised the following grounds for relief: 1) whether his conviction and sentence are illegal in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); 2) whether his guilty plea is invalid because he did not know whether he was pleading guilty to conspiring to distribute both cocaine *and* marijuana; 3) whether the indictment failed to charge all of the elements, including the penalty, for the charged offense; 4) whether the district court failed to determine the facts concerning the amount and type of drugs beyond a reasonable doubt; 5) whether the indictment was required to notify him that he would be subject to an enhancement for his role in the offense; 6) whether his Sixth Amendment rights were violated by his original counsel's performance, and whether substitute counsel was acting under a conflict of interest because he represented one of the co-defendants who stood to testify against Kelly; and 7) whether the Supreme Court's decision in *Apprendi* is retroactively applicable to this case.

Upon review, the district court concluded that Kelly could not relitigate his guilty plea claim because this court had determined that his plea was valid, that Kelly could not raise his ineffective assistance of counsel claim for the first time in a § 2255 motion because he did not show cause and prejudice for failing to raise it on direct appeal, and that Kelly's conviction and sentence were not in violation of *Apprendi.* Hence, it denied the § 2255 motion. This court granted Kelly a certificate of appeal-ability (COA) as to his claims of ineffective assistance of counsel, but denied him a COA as to his remaining claims.

On appeal, Kelly reasserts his claim that his original and substitute counsel rendered ineffective assistance.

■ Upon review, we affirm the district court's judgment dismissing Kelly's claim, but for reasons other than those stated by the district court. The district court concluded that Kelly had procedurally defaulted his ineffective assistance of counsel claim because he did not raise it on direct appeal. However, the Supreme Court has concluded that the failure to raise claims of ineffective assistance of counsel on direct appeal does not result in a procedural default. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003). Nonetheless, we affirm the district court's judgment because Kelly's § 2255 motion was filed beyond the applicable statute of limitations.

■ Kelly's § 2255 motion is untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year statute of limitations period during which a § 2255 motion to vacate sentence must be filed. *See* 28 U.S.C. § 2244(d)(1); *see also Dunlap v. United States,* 250 F.3d 1001, 1004–05 (6th Cir.2001). The statute of limitations begins to run from the latest of four circumstances, one of which is the date on which the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). In this case, a panel of this court affirmed Kelly's conviction and sentence on September 9, 1996. Kelly had until 90 days thereafter, or until December 9, 1996, to file a petition for writ of certiorari with the Supreme Court. Thus, he had until December 9, 1997, to file his § 2255 motion to vacate. Because Kelly did not sign his § 2255 motion until June 20, 2001, the motion was untimely. Kelly has not alleged any circumstances,

and none otherwise appear, that would warrant equitable tolling in this case.

Accordingly, we affirm the district court's judgment.