**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Frederick Ben LUEBBERT,
Defendant–Appellant.**

No. 03–5598.

United States Court of Appeals,
Sixth Circuit.

April 29, 2004.

Steven S. Neff, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Nikki C. Pierce, Federal Defender Services of Eastern Tennessee, Greeneville, TN, for Defendant–Appellant.

Before: MERRITT and MOORE, Circuit Judges; and DUGGAN, District Judge.*

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District

### ORDER

Frederick Ben Luebbert, a federal prisoner, appeals the sentence imposed upon his conviction for intent to commit bank robbery in violation of 18 U.S.C. § 2113(a). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Luebbert pleaded guilty on December 2, 2002, to attempted bank robbery pursuant to a written plea agreement. That agreement provided, *inter alia,* that the court could impose any lawful term of imprisonment up to the statutory maximum of 20 years, and that Luebbert waived his right to appeal his sentence on any ground with two exceptions not applicable here. On March 31, 2003, the district court sentenced Luebbert to 71 months in prison, followed by 3 years of supervised release. This sentence was based upon a total offense level of 21 and a criminal history category of IV. The sentence imposed was at the top of the resulting guideline range of 57–71 months. The judgment was entered on April 7, 2003.

On appeal, Luebbert argues that the district court improperly denied a three-level reduction in offense level for attempt to commit the bank robbery as provided under USSG § 2X1.1.

Upon review, we affirm the district court's judgment because Luebbert has waived his right to appeal the sentence imposed in this case.

As long as the waiver is knowing and voluntary, a defendant in a criminal case may waive his right to appeal any issue, even a constitutional one, by agreeing in his plea agreement not to appeal. *United States v. Fleming,* 239 F.3d 761, 763–64

of Michigan, sitting by designation.

(6th Cir.2001); *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996). An appeal waiver provision is binding as long as it was knowingly and voluntarily made. *Hunter v. United States,* 160 F.3d 1109, 1113 (6th Cir.1998). Thus, a knowing and voluntary waiver of a right to appeal in a plea agreement is presumptively valid and will preclude review of an issue on appeal. *Bazzi,* 94 F.3d at 1028; *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995).

A review of the plea agreement and hearing in this case establishes that Luebbert knowingly and voluntarily waived his right to appeal his conviction and sentence. Pursuant to the terms of the plea agreement, Luebbert specifically agreed to waive "the right to appeal his sentence *on any ground, including any appeal right conferred by 18 U.S.C. § 3742,* other than any sentence imposed *in excess of the statutory maximum,* and any punishment to the extent it constitutes an upward departure *from the guideline range deemed most applicable by the sentencing court"* (emphases added). During the change of plea hearing, the district court specifically questioned Luebbert about the waiver provision to ascertain that he understood the provision; Luebbert responded that he did.

Luebbert does not suggest that the sentence appeal waiver provision was not knowingly and voluntarily made; instead, he now attempts to limit that provision by arguing that he did not knowingly waive the right to appeal *the correct application of the sentencing guidelines* for the offense for which he entered a plea, attempted bank robbery. That argument is not well taken, however, because Luebbert specifically waived the right to appeal his sentence "on any ground *including any appeal right conferred by 18 U.S.C. § 3742"* (emphasis added). One of the appeal rights conferred by § 3742 is that the sen-

tence "was imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(a)(2). Thus, Luebbert's complaint that USSG § 2X1.1 should have been applied to his sentence instead of USSG § 2B3.1 falls squarely within the scope of his valid appeal waiver provision.

Accordingly, the district court's judgment is affirmed.