NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0196n.06
Filed: April 16, 2008

No. 06-3594

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | On Appeal from the United |
| | ) | States District Court for the |
| v. | ) | Northern District of Ohio |
| | ) | |
| DANIEL McKINNEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:     **MARTIN and ROGERS, Circuit Judges; and HOOD, District Judge.**[*]

**HOOD, DENISE PAGE, District Judge.**     Appellant Daniel McKinney ("McKinney")

appeals the Judgment and Sentence imposed by the district court after McKinney's plea of guilty

pursuant to a plea agreement under Fed. R. Civ. P. 11.  For the reasons set forth below, the district

court's judgment is AFFIRMED.

## I.  BACKGROUND

On November 16, 2005, McKinney was charged in a two-count indictment with possession

with intent to distribute in excess of 50 grams of cocaine base (crack), in violation of 21 U.S.C. Sec.

841(a)(1) and felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1).  (J.A. 7-8)

---

[*] The Honorable Denise Page Hood, United States District Judge for the Eastern District of
Michigan, sitting by designation.

McKinney entered a plea of guilty on March 14, 2006 pursuant to a Rule 11 written plea agreement with the government. (J.A. 20-29)

The Rule 11 written agreement states that a pre-plea presentence report was prepared indicating that McKinney was a career offender with an automatic criminal history category VI. (J.A. 23-24) The calculation set forth in the Rule 11 agreement for Count 1 established a base offense level of 32, based on the amount of crack cocaine involved of 50 to 150 grams. (J.A. 22-23) The parties agreed that the base offense level for Count 2 was 24 and that the combined offense level for Counts 1 and 2 was 32. (J.A. 23)

The agreement further indicated that McKinney was subject to enhanced penalties under U.S.S.G. Section 4B1.1 as a career offender because the indictment involved a controlled substance offense and McKinney had two prior felony convictions for a crime of violence or controlled substance offense. (J.A. 23) The resulting base offense level was 37 because the maximum statutory penalty for Count 1 is life imprisonment. (J.A. 23)

The government agreed to seek a three level reduction for acceptance of responsibility under U.S.S.G. 3E1.1(a) and three levels for substantial assistance to the government under 18 U.S.C. § 3553(e) and U.S.S.G. 5K1.1. (J.A. 23, 26) McKinney agreed that he would not request a further reduction of the total adjusted offense level at the time of sentencing. (J.A. 26) McKinney expressly waived his right to appeal under 18 U.S.C. § 3742 or to challenge his sentence under 28 U.S.C. § 2255 unless the sentence imposed by the judge was in excess of the statutory maximum or the sentencing range under the advisory Sentencing Guidelines. (J.A. 24) McKinney did not waive the

right to appeal or to collaterally attack any claims of ineffective assistance of counsel or prosecutorial misconduct. (J.A. 25)

At the sentencing hearing, the district judge grouped together the calculation of Counts 1 and 2, finding that the controlled substances charge in Count 1 was a base offense level 32. Two levels were then added for Count 2 possession of a firearm during the offense charge, for an adjusted offense level of 34. (J.A. 35) The district judge went on to find that McKinney was a career offender, having been convicted of two felony convictions of a crime of violence and a controlled substance offense, resulting in an offense level of 37. (J.A. 35-36) The district judge reduced the offense level by three levels for acceptance of responsibility under U.S.S.G. 3E1.1(a) and three levels for substantial assistance to the government under 18 U.S.C. § 3553(e) and U.S.S.G. 5K1.1, resulting in a total offense level of 31. (J.A. 36-37) The district judge determined McKinney's criminal history category was VI because of McKinney's career offender status. (J.A. 37) A total offense level of 31 and a criminal history category of VI resulted in the sentencing guideline range of 188 to 235 months. (J.A. 37)

Although acknowledging that under the plea agreement McKinney waived his right to request an adjustment as to the criminal history calculation based on McKinney's career offender status, defense counsel argued that the criminal history over-represented the seriousness of McKinney's past criminal conduct under the guidelines, given that McKinney only received probation on the charges. (J.A. 40-46) The district judge found that because McKinney agreed to the career offender status, McKinney has waived his right to ask for a departure. (J.A. 46) The district judge found that the

calculation was in the heartland of the types of calculations the guideline writers intended when they developed the career offender calculation. (J.A. 46) The district judge went on to review the factors set forth in 18 U.S.C. § 3553 before imposing the sentence of 190 months of imprisonment for Count 1 and 10 years on Count 2 to run concurrent with the sentence imposed on Count 1, followed by five years of supervised release and $200 special assessment. (J.A. 49-52, 55) McKinney timely filed an appeal of the Judgment and sentence imposed by the district judge.

## II. ANALYSIS

Although argued at the end of its brief, the government claims that McKinney waived his right to appeal his sentence under the plea agreement and is barred from challenging the district court's sentence. McKinney made no arguments addressing the issue of whether he had waived appellate review of his sentence.

So long as the waiver is knowing and voluntary, a defendant in a criminal case can waive his right to appeal. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). An agreement to waive a right to appeal or otherwise challenge the constitutionality or legality of a sentence imposed is binding on a defendant. *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir. 1995). An attempt to void the plea agreement by appealing an issue that a defendant stipulated to and agreed not to contest is in violation of the law in this circuit, unless the statutory maximum sentence has been exceeded. *Bazzi,* 94 F.3d at 1028; *United States v. Caruthers,* 458 F.3d 459, 471 (6th Cir. 2006).

On appeal, McKinney does not argue that his appeal waiver was unenforceable nor does he argue that his plea was not voluntary or knowingly made, but instead raises two arguments. The first argument is that the 190-month sentence on Count 1 is unreasonable because: the 100:1 ratio between penalties for crack cocaine compared to penalties for powder cocaine is too great; the guidelines deviate from public opinion; and, the sentence is far greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2). The second argument is that the trial court erred in calculating McKinney's criminal history and labeling McKinney as a career offender.

At the sentencing hearing, defense counsel acknowledged that McKinney waived his right to appeal except for ineffective assistance of counsel or prosecutorial misconduct claims. (J.A. 54) The only objection raised by McKinney during the sentencing hearing was to paragraph 34 of the presentence report noting that the wrong case number was designated as the basis for the career offender status. (J.A. 32-33) Defense counsel did not argue that the presentence report contained the wrong case number and that the cases used to support the career offender status, including the amended case number, were wrong. Defense counsel merely argued that McKinney's criminal history category over-represented the seriousness of his criminal history. (J.A. 33) The district judge amended the pretrial report to show that case no. 426456 from Cuyahoga County Common Pleas was not the case supporting the career offender status, but that case no. 410441 should instead be considered in determining whether McKinney qualified as a career offender. (J.A. 34)

The plea agreement between the parties did not specifically assign McKinney to a particular criminal history category, and noted that the court at sentencing would determine McKinney's

criminal history category. (J.A. 23) However, the parties acknowledged that McKinney was subject to enhanced penalties as a career offender and that the pre-plea presentence report indicated McKinney was a career offender, automatically placing McKinney in criminal history category VI. (J.A. 23-24) McKinney expressly agreed to waive his right to appeal the conviction or sentence, except that he reserved the right to appeal any sentence exceeding the statutory maximum and the sentencing range determined under the advisory Sentencing guidelines, using the criminal history category found applicable by the court. (J.A. 24) McKinney also reserved the right to appeal "the criminal history calculation as determined by the Court, for those objections timely raised." (J.A. 24-25)

McKinney's counsel did not argue at the sentencing hearing that the calculation of the criminal history was improper. McKinney's counsel requested that the court "fashion a reasonable sentence, to consider the possible over representation of the criminal history, and fashion an appropriate sentence." (J.A. 42) The district judge indicated that McKinney's argument was that the career offender designation over-calculated the criminal history, after which defense counsel stated, "[t]he seriousness of it. He got probation on those cases." (J.A. 43) The district judge interpreted defense counsel's comments as a motion for a departure under the guideline, which the district judge denied stating that McKinney stipulated to the fact that he was a career offender. (J.A. 45) McKinney's counsel then stated that, "obviously the sentence is within the discretion of the court. We have an agreement, ultimately it's up to the court to impose a reasonable sentence. And these are the mitigating factors that I'm bringing to the court's attention ..." (J.A. 45) In response,

the district judge stated that he may have misunderstood defense counsel and that defense counsel was not asking for a departure. (J.A. 45)

The colloquy between defense counsel and the district judge reflects that the argument regarding the over-representation of the seriousness of the criminal history went to the § 3553 factors, rather than an objection to the calculation of the criminal history. The Rule 11 plea agreement, the sentencing hearing transcript, and the totality of the circumstances indicate that McKinney made a knowing, voluntary and intelligent waiver of his right to appeal his sentence. McKinney acknowledged in the Rule 11 plea agreement that he was subject to enhanced penalties as a career offender and that the pre-plea presentence report indicated he was at criminal history category VI. Other than the incorrect case numbers supporting the career offender calculation and the argument that the seriousness of the crimes were over-represented, McKinney did not object to the calculation of the criminal history. There were no objections to the trial court's calculation and the sentence imposed was within and on the lower end of the guideline range. We find that McKinney waived any appeal of the trial court's calculation of his criminal history.

### III. CONCLUSION

For the reasons set forth above, the district court's judgment is AFFIRMED.