**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry MADDOX, Defendant–Appellant.**

No. 02–5990.

United States Court of Appeals,
Sixth Circuit.

June 18, 2003.

Before: MARTIN, Chief Judge; KRUPANSKY and COLE, Circuit Judges.

## ORDER

Larry Maddox appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Maddox pleaded guilty pursuant to a negotiated plea agreement to bank robbery in violation of 18 U.S.C. § 2113(a) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In light of Maddox's career offender status under USSG § 4B1.1(c), the district court sentenced Maddox to 188 months of imprisonment and three years of supervised release.

On appeal, Maddox's attorney has filed a motion to withdraw and a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Nevertheless, counsel suggests that Maddox may wish to argue that trial counsel rendered ineffective assistance. Maddox has not responded to counsel's motion to withdraw. An independent examination of the record reveals no issue that would support an appeal in this case. *See id.*

Upon review, we conclude that the motion to withdraw as counsel should be

granted as it reflects that counsel has reviewed the entire record and proceedings.

■ Initially, we note that Maddox has waived any challenge to his conviction. In his plea agreement, Maddox knowingly and expressly waived his right to appeal or collaterally attack his conviction, and the district court very carefully reviewed this waiver with Maddox at his guilty plea hearing. A defendant's knowing and voluntary waiver of his right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *United States v. Fleming* 239 F.3d 761, 764–65 (6th Cir.2001); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir.1995). Therefore, review of any claim concerning Maddox's conviction is precluded on appeal.

■ A challenge to Maddox's guilty plea is meritless, even without the waiver. Maddox pleaded guilty knowingly, intelligently, and voluntarily. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Maddox entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Maddox knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). At the plea hearing, the district court very carefully reviewed with Maddox the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statutes, including length of imprisonment and supervised release. The district court also reviewed the counts of the indictment to which Maddox was pleading guilty, and Maddox acknowledged his guilt. Thus, the court met the requirements of Fed. R.Crim.P. 11. Consequently, the record reveals that Maddox knowingly and voluntarily pleaded guilty.

■ The district court properly sentenced Maddox in accordance with the parties' plea agreement, and Maddox did not object to the presentence investigation report that called for a sentencing range of 151–188 months of imprisonment. The presentence report was consistent with the agreement in this regard. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Our review of the sentencing calculation reveals no plain error.

■ Lastly, to the extent that Maddox might wish to assert an ineffective assistance of counsel claim, that claim is not reviewable in this proceeding. Generally, ineffective assistance of counsel claims are not cognizable in a direct criminal appeal because the record is inadequate to permit review, and hence they are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir.2001); *United*

*States v. Neuhausser,* 241 F.3d 460, 474 (6th Cir.), *cert. denied,* 534 U.S. 879, 122 S.Ct. 181, 151 L.Ed.2d 125 (2001). Any ineffective assistance claim that Maddox might have would properly be raised in a motion to vacate his sentence under 28 U.S.C. § 2255, rather than on direct appeal. *Allison,* 59 F.3d at 46–47.

We have reviewed the record and discovered no error warranting reversal of Maddox's conviction or sentence.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.