**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Erick Lamont JONES, also known as Eric Lamont Jones, Defendant–Appellant.**

**No. 02–2346.**

United States Court of Appeals, Sixth Circuit.

June 19, 2003.

Before KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.[*]

### ORDER

Erick Lamont Jones appeals his conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jones pleaded guilty pursuant to a negotiated plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the district court sentenced Jones to 84 months of imprisonment.

On appeal, Jones's attorney has filed a motion to withdraw and brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Jones has not responded to counsel's motion to withdraw, and an independent examination of the record reveals no issue that would support an appeal in this case. *See id.*

■ Jones waived any challenge to his sentence. In his plea agreement, Jones knowingly and expressly waived his right to appeal or collaterally attack his conviction, and the district court very carefully reviewed this waiver with Jones at his guilty plea hearing. A defendant's knowing and voluntary waiver of his right to appeal contained in a plea agreement normally is valid and will preclude review of an issue on appeal. *United States v. Fleming,* 239 F.3d 761, 764–65 (6th Cir.2001); *United States v. Bazzi,* 94 F.3d 1025, 1028 (6th Cir.1996); *United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995). Therefore, review of any claim concerning Jones's sentence is precluded on appeal.

Any challenge to Jones's guilty plea is meritless. Jones pleaded guilty knowingly, intelligently, and voluntarily. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S.

[*] The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

■ The record in this case clearly reflects that Jones entered a valid guilty plea. The district court, by complying with the requirements of Fed.R.Crim.P. 11, properly determined that Jones knowingly and voluntarily entered his guilty plea. Rule 11 ensures that a defendant pleading guilty understands his applicable constitutional rights, that his plea of guilty is voluntary with a full understanding of the nature of the crime charged and the consequences of his guilty plea, and that a factual basis exists for the crime to which the plea is being offered. *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir.1988). At the plea hearing, the district court very carefully reviewed with Jones the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statutes, including length of imprisonment and supervised release. The district court also reviewed the counts of the indictment to which Jones was pleading guilty, and Jones acknowledged his guilt. Thus, the court met the requirements of Rule 11. Consequently, the record reveals that Jones knowingly and voluntarily pleaded guilty.

The district court properly sentenced Jones. The district court heard testimony and argument on Jones's objection of application of USSG § 2K2.1(b)(B) and on his request for a downward departure from Criminal History Category VI to Category IV. The district court overruled the objection to the enhancement under § 2K2.1(b)(5) and departed downward to Criminal History Category V. The district court imposed a sentence of 84 months of imprisonment, which was at the low end of the final guideline range. Review of the sentencing calculation reveals no error.

This court has reviewed the record and discovered no error warranting reversal of Jones's conviction or sentence.

Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.