**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cecil HENSON, Defendant–Appellant.**

No. 03–5736.

United States Court of Appeals,
Sixth Circuit.

April 23, 2004.

Charles P. Wisdom, Jr., Asst. U.S. At-
torney, U.S. Attorney's Office, Lexington,

KY, Teresa G. C. Reed, Asst. U.S. Attorney, U.S. Attorney's Office, London, KY, for Plaintiff–Appellee.

Cecil Henson, Lexington, KY, pro se.

Before COLE and COOK, Circuit Judges; and SPIEGEL, District Judge.*

*ORDER*

Cecil Henson appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In February 2003, Henson pleaded guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861, and a forfeiture count requiring him to forfeit assets. The district court sentenced him to twenty-four months of imprisonment and two years of supervised release. Henson has filed a timely appeal.

In his *Anders* brief, counsel states that he "has thoroughly reviewed the facts and can find no meritorious ground for review." Our review confirms counsel's assessment.

■ Initially, we note that Henson waived his right to appeal his conviction. A defendant in a criminal case may waive his right to appeal his conviction, so long as the waiver is valid. *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001). A knowing and voluntary waiver of a right to appeal contained in a plea agreement is presumptively valid and will preclude review of an issue on appeal. *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996). Here, the parties' plea agreement specifically provided that Henson has agreed to waive his right to appeal his conviction. Moreover, the record reflects that the district court reviewed the terms of the plea agreement, and that Henson acknowledged that he had voluntarily waived his right to appeal his conviction.

■ Even if Henson had not entered a valid waiver of his right to appeal his conviction, the record reflects that he entered a valid guilty plea. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A review of the transcript from the guilty plea hearing reflects that the district court determined that Henson was competent to plead guilty and that he had not taken any drugs or alcohol that would have impaired his ability to understand or participate in the guilty plea proceedings. The district court determined that Henson had received a copy of the indictment, that he had reviewed the indictment with his attorney, that he understood the indictment and the charges against him, and that he was satisfied with counsel's advice concerning the charges against him. Thereafter, the district court reviewed the terms of Henson's written plea agreement and determined that Henson understood the terms of the plea agreement and that the plea agreement contained the only agreement or promises between the parties. The district court also explained the rights that Henson was waiving. The district court explained the potential penalty associated with the guilty plea, including supervised release, and it determined that no

---

* The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

threats or additional promises had been made to compel Henson to plead guilty. In addition, Henson admitted that he owned the firearm in question and that it was not registered to him. Thus, Henson entered a valid guilty plea.

We also conclude that the record does not reveal any appealable issues concerning Henson's sentence. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie*, 19 F.3d 1102, 1103 (6th Cir. 1994).

There do not appear to be any issues which fit these criteria. First, we note that Henson did not file any objections to the presentence investigation report. As such, he has forfeited any sentencing claims that he might have in the absence of plain error that affects his substantial rights. *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). Review of the sentencing calculation reveals no plain error. Henson's total offense level was properly calculated at 17, as was his Criminal History Category Score of I. This resulted in a guidelines imprisonment range of 24 to 30 months. The district court sentenced Henson to twenty-four months of imprisonment. This sentence was within the applicable guidelines range. Thus, Henson's sentence was proper.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of

conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.