**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0189n.06
Filed: March 12, 2007

**No. 05-3142**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | On Appeal from the United |
| | ) | States District Court for the |
| v. | ) | Northern District of Ohio |
| | ) | |
| MALCOLM MACK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**Before:** **GILMAN and SUTTON, Circuit Judges; and HOOD, District Judge.**[*]

**HOOD, DENISE PAGE, District Judge.** Defendant-Appellant Malcolm Mack appeals the district court's judgment below. For the reasons set forth below, we grant the government's motion to dismiss the appeal on all grounds other than ineffective assistance of counsel and, as to that ground, we find it without merit.

**I. OVERVIEW**

On July 7, 2004, a federal grand jury returned a two-count indictment charging Defendant-Appellant Malcolm Mack with bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and 2, and knowingly using, carrying, and brandishing a firearm during and in relation to a crime of violence,

---

[*] The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

in violation of 18 U.S.C. §§ 924(c)(1) and 2.[1] On October 5, 2004, Mack pled guilty to both counts.[2] Mack was sentenced on January 18, 2005, one week after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 739, 160 L.Ed.2d 621 (2005), to a term of imprisonment of 30 months on Count One and a term of imprisonment of 60 months on Count Two, consecutive to Count One. Mack filed a timely Notice of Appeal on January 25, 2005. The government filed a Motion to Dismiss Notice of Appeal on July 28, 2005. On November 22, 2005, this court issued an order referring the motion to dismiss to the merits panel.

## II. ANALYSIS

### A. Jurisdiction and Standard of Review

We have jurisdiction to review the district court's judgment pursuant to 28 U.S.C. § 1291. We review *de novo* the question of whether a defendant waived his right to appeal his sentence in a valid plea agreement. *United States v. Murdock*, 398 F.3d 491, 496 (6th Cir. 2005). If the defendant did not object before the district court, violations of Rule 11 of the Federal Rules of Criminal Procedure are reviewed for plain error. *Id*. Once we determine that the district court properly consulted the Sentencing Guidelines, we review the sentence for reasonableness. *United States v. Gibson*, 409 F.3d 325, 338-339 (6th Cir. 2005), *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Claims of ineffective assistance of counsel are mixed questions of law and fact and are reviewed *de novo*. *United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2005) (citing *United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999)).

---

[1]Pursuant to the plea agreement the word "brandishing" was omitted to reduce the maximum sentence, on Count Two, from seven years to five years.

[2]On the condition that the word "brandished" be removed from Count Two.

**B.      Waiver of Appeal**

Mack argues that the district court erred by failing to comply with Federal Rule of Criminal Procedure 11(b)(1)(N**)** when accepting his plea agreement.  The government argues, in its Motion to Dismiss, that we lack jurisdiction to decide this appeal, as Mack waived his right to appeal, except in limited circumstances.  As both the government's Motion to Dismiss and the appeal of Mack's first issue require the same legal analysis, we will address both issues at the same time.

We must first determine whether Mack waived his right to appeal his sentence in the plea agreement, which specifically states that Mack waived his right to appeal except in four limited circumstances.  The plea agreement reads:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 19 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255.  Defendant expressly waives those rights except as reserved below.

> *Defendant reserves the right to appeal*: (a) any punishment in excess of the statutory maximum, (b) any punishment to the extent it constitutes an upward departure from the Sentencing Guideline range deemed most applicable by the Court.  *Nothing in this paragraph shall act as a bar* to the defendant perfecting any legal remedies defendant may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

(Plea Agreement, J.A. 86, ¶ 13) (italics added).  Based on the language of the plea agreement, it is clear that Mack waived his right to appeal his sentence, except in the limited named instances.

We must then determine if the district court violated Federal Rule of Criminal Procedure 11(b)(1)(N), which states:

**(b) Considering and Accepting a Guilty or Nolo Contendere Plea.**

**(1) Advising and Questioning the Defendant.**

3

Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands the following:

\* \* \*

**(N)** the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1)(N).

A defendant in a criminal case can waive his right to appeal, so long as the waiver is knowing and voluntary. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001); *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995). A knowing and voluntary waiver of the right to appeal, in a plea agreement, is presumptively valid and precludes review of an issue on appeal. *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996); *United States v. Allison*, 59 F.3d 43, 46 (6th Cir. 1995). The validity of a plea agreement must be determined based on the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). When pleading guilty, a defendant must be informed of all the direct consequences of a guilty plea. *Id*. at 755. "The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives." *United States v. Burgess*, 142 Fed. Appx. 232, 238 (6th Cir. 2005) (unpublished) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 162 (1970)). A voluntary waiver of appeal in a plea agreement precludes a *Booker* review of the sentence. *United States v. Bradley*, 400 F.3d 459, 465 (6th Cir. 2005) ("Having voluntarily and knowingly bargained for a decrease in the number of counts charged against him and for a decreased sentence, Bradley cannot now extract two components of that bargain–his agreement to be sentenced under the then-mandatory Guidelines and his agreement

4

to waive his right to appeal–on the basis of changes in the law after that bargain was struck.").

There is no dispute that Mack failed to object to the district court's explanation of his right to appeal in accepting his plea agreement. As such, we must apply the plain error standard. *Murdock*, 398 F.3d at 496. Pursuant to the plain error standard, a defendant, who did not object before the district court must show that the district court's acceptance of the plea agreement was "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if, (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). The defendant bears the burden of proof on plain error review. *Murdock,* 398 F.3d at 496. Error exists where a district court deviated from a legal rule. *Id.* at 497. Mack argues that the first prong of the plain error analysis is met, as the district court deviated from Federal Rule of Criminal Procedure 11(b)(1)(N). Mack argues that the district court failed to clarify that an attack as to his sentence was covered by the appeal waiver in the plea agreement. The pertinent portions of the exchange between defense counsel and the district court are as follows:

> THE COURT: I would like to address Mr. Cocoves. Mr. Cocoves, have you discussed this case throughly with your client?
>
> MR. COCOVES: Yes, I have, Your Honor.
>
> THE COURT: Does he understand the rights that he would be waiving by entering a plea of guilty?
>
> THE DEFENDANT: Yes.
>
> MR. COCOVES: Yes. So the Court should know, the plea agreement as the Court is referring to, we reviewed that plea agreement together last week over at the jail and we also discussed his constitutional rights. ...

5

(Transcript of Change of Plea Hearing, J.A. at 37-38). The record further provides:

> THE COURT: And if you were to proceed to trial and you were found guilty at trial, you would have a right to appeal following your conviction. The plea agreement which has been tendered to the Court waives your right to appeal except in very limited instances. Do you understand that?
>
> THE DEFENDANT: Yes.

(Transcript of Change of Plea Hearing, J.A. at 43). The transcript further reads:

> THE COURT: The plea agreement also includes a provision that you will not make any challenge to the Sentencing Guidelines on a constitutional basis. Have you discussed the *Blakely* decision with your client, Mr. Cocoves?
>
> MR. COCOVES: Yes, I have.
>
> THE COURT: And he understands that the Sentencing Guidelines are now under attack, the constitutionality of those guidelines is now being challenged in the United States Supreme Court?
>
> MR. COCOVES: Yes. I should tell the Court that while we discussed it, the five year mandatory sentence, minimum mandatory under 924(c) has nothing to do with *Blakely* or anything else, for that matter. Pretty much that's a done deal. The only area that would be open to attack would be the Sentencing Guidelines that would run consecutive to the five years, and we discussed that.
>
> THE COURT: And your client has a full understanding of his options?
>
> MR. COCOVES: I believe so.

(Transcript of Change of Plea Hearing, J.A. at 47-48). The district court additionally asked the government to outline the plea agreement. The government stated, among other things, "[t]he defendant agrees to waive his right to appeal in Paragraph 13, except as outlined in Subdivisions A and B." (Transcript of Change of Plea Hearing, J.A. at 46).

Mack argues that the exchange between the district court and Mack's then-counsel, Mr. Cocoves, was confusing and did not provide Mack with a full understanding of the consequences

6

of the plea agreement, and as such violated Federal Rule of Criminal Procedure 11(b)(1)(N). Mack argues that the plea agreement and the discussion on the record and the Change of Plea Hearing were contradictory to each other. The government argues that all of the district court's references to attacking the sentence related to the Sentencing Guidelines and that the district court specifically stated that, under the plea agreement, Mack waived his right to challenge the Sentencing Guidelines on a constitutional basis. The government further argues that Mack indicated that he understood the terms of the plea agreement, had no questions about the plea agreement, fully discussed our agreement with his counsel, and understood the terms of the agreement.

Upon review of the record, the government's arguments are persuasive. Rule 11(b)(1)(N) states that the district court must determine that the defendant understands the terms of the plea agreement waiving the right to appeal a sentence. As reflected by the record, the district court informed Mack that he was precluded from appealing the Sentencing Guidelines on a constitutional basis, and that any right to appeal was in very limited circumstances. Mack, through his counsel, also indicated to the district court that he had reviewed the plea agreement, had no questions regarding the agreement and understood the terms of the agreement. Based on the language of Rule 11(b)(1)(N) and the district court's questioning, the district court did not deviate from Rule 11(b)(1)(N), and as such did not commit error.

Even if the district court erred, such error was not "plain." The term "plain," for purposes of a plain error analysis, is synonymous with "clear" or "obvious." *Murdock*, 398 F.3d at 497. Mack argues that the district court clearly erred by failing to ensure that Mack understood his right to appeal and the consequences of waiving the right to appeal. The government argues that Mack was fully apprised of the consequences of the guilty plea and the waiver of his right to appeal. Upon our

7

review of the record, it is not obvious or clear that the district court violated Rule 11(b)(1)(N). Based on the district court's inquiry and Mack's own statements that he understood the terms of the agreement even after the district court concluded the allegedly confusing discussion, it is not clear or obvious that the district court violated Rule 11(b)(1)(N).

Even if there were plain error, Mack's substantial rights were not affected. Mack argues that his substantial rights were affected because the plea agreement and the discussion on record were in direct conflict, and the district court failed to clarify or explain the appeal waiver in the plea agreement. To support this contention Mack cites *Murdock*. In *Murdock,* we held that a defendant can prove that his or her substantial rights were affected by showing that the district court failed to comply with the "key safeguard in place to protect those rights and that there was no functional substitute for that safeguard." *Murdock*, 398 F.3d at 497. The government contends that the current case is distinguishable from *Murdock*, because the district court in *Murdock* completely failed to comply with Rule 11(b)(1)(N). We agree with the government.

In *Murdock*, the district court did not inform the defendant of the existence of an appellate waiver provision, did not determine if the defendant discussed any provision of the plea agreement with his attorney and did not mention the waiver of appeal in open court at all until sentencing. *Murdock*, 398 F.3d at 497. Here, the district court specifically mentioned the appellate waiver provision, indicated that Mack's right to appeal was waived, except in limited situations, and inquired into whether Mack discussed both the plea agreement as a whole and specifically the appellate waiver provision with his attorney. Furthermore, in *Murdock,* we stated that in the absence of the district court inquiring into the appellate waiver, "some other event could suffice to insure that Defendant's waiver was knowing and voluntary." *Id.* at 498. We further stated that it would be

8

sufficient for the defendant to assure the district court that he reviewed the waiver provision with his attorney and that his attorney explained, or that the prosecutor in summarizing the plea agreement adequately addressed, the appellate waiver provision. *Id*. In the present case, the record clearly reflects that the district court, at a minimum, was assured that Mack reviewed the waiver with his attorney and that his attorney explained the waiver. (Transcript of Change of Plea Hearing, J.A. at 37-38, 43, 47-48). Mack has not shown that the actions of the district court affected his substantial rights. Since Mack has not met any of the prongs of the plain error test, we find that the district court did not violate Federal Rule of Criminal Procedure 11(b)(1)(N).

**C.     Sentence**

Along with arguing that the district court violated Federal Rule of Criminal Procedure 11(b)(1)(N), Mack appeals his sentence and brings an ineffective assistance of counsel claim. Since we have determined that the district court did not commit plain error in accepting Mack's plea agreement, we lack jurisdiction to hear Mack's appeal as to his imposed sentence, pursuant to the plea agreement. However, the plea agreement allows the consideration of ineffective assistance of counsel claims (Plea Agreement, J.A. at 86, ¶ 13), and to the extent Mack pursues an ineffective assistance of counsel claim, we have jurisdiction, and will consider Mack's arguments below.

**D.     Ineffective Assistance of Counsel**

Mack asserts that he was provided ineffective assistance of counsel at sentencing. Mack argues that his counsel failed to analyze or argue the relation of *Booker* to his case.

Generally, ineffective assistance of counsel claims are not addressed on direct appeal, unless the record reflects sufficient development to provide meaningful factual review. *United States v. Angel*, 355 F.3d 462, 469 (6th Cir. 2004), *cert. denied*, 543 U.S. 867, 125 S.Ct. 211, 160 L.Ed.2d

9

113 (2004). Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding pursuant to 28 U.S.C. § 2255, where the parties "can develop an adequate record on the issue." *United States v. Pruitt*, 156 F.3d 638, 646 (6th Cir. 1998). "Direct appeal is the appropriate forum, however, for ineffective-assistance claims that either depend entirely upon facts within the record or that present purely legal questions." *Angel*, 355 F.3d at 469. An appellate court may determine the merits of an ineffective assistance of counsel claim when the "existing record is adequate to access properly the merits of the claim." *Pruitt*, 156 F.3d at 646.

Mack argues that bringing this issue pursuant to 28 U.S.C. § 2255 would not shed any more light on Mack's counsel's failure to properly present his sentencing issues to the district court. Mack further contends that this court is able to make a determination as to the ineffective assistance of counsel claim based on the facts already present in the record. The government makes no claim that Mack's ineffective assistance of counsel claim is improperly brought before this court. The record is sufficient for us to proceed on the claim of ineffective assistance of counsel.

The Supreme Court has set out standards by which to judge an ineffective assistance of counsel claim in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 674 (1984). First, the defendant must show that trial counsel's performance was deficient. 466 U.S. at 687. Under the first prong, the standard for attorney performance is "reasonably effective assistance." *Id*. The defendant must show that the trial counsel's representation fell below an objective standard of reasonableness; the inquiry must focus on "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 689; *see also Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). The Supreme Court cautioned that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)). Second, the defendant must show that the deficient performance prejudiced the defense; that, but for the deficiency, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694.

Mack first asserts that trial counsel performance at sentencing was deficient because trial counsel did not analyze or argue the relation of the Supreme Court's holding in *Booker* to Mack's case. *Booker* was decided one week prior to Mack's sentencing. Pursuant to *Booker*, the Sentencing Guidelines are advisory even where the defendant's sentence does not raise any constitutional concerns. *Booker*, 543 U.S. at 267. Mack argues that trial counsel failed to argue the relation of *Booker* to his case on the record, and failed to file a sentencing memorandum arguing how the 18 U.S.C. § 3553(a) factors should have been analyzed and applied. Mack asserts that, in light of the *Booker* decision, Mack's trial counsel should have presented to the district court an analysis of the § 3553 factors that would warrant a reduced sentence. Mack further alleges that there was a reasonable probability that if trial counsel had provided the district court with such analysis, the result of the sentencing proceeding would have been different, given the district court's alleged failure to analyze the § 3553(a) factors thoroughly. Mack argues that the district court should have considered (1) Mack's substance abuse, (2) his family ties and responsibilities, (3) his military service, and (4) his troubled childhood.

The government argues that trial counsel was not deficient, because district courts in the Sixth Circuit were already issuing alternative sentences prior to the *Booker* decision and were able to swiftly analyze and incorporate the holding of *Booker* into the sentencing hearings after the

11

decision in *Booker* was issued. The government argues that the district court was fully aware of the sentencing changes resulting from *Booker*, and that trial counsel was not ineffective for failing to inform the district court of the changes. The government further argues that both the district court and trial counsel indicated, on the record, that the district court had more discretion in sentencing at the time of Mack's sentencing hearing than prior to the decision in *Booker*. (Sentencing Hearing Transcript, J.A. at 58). The government then analyzes each factor Mack claims should have been considered by the district court.

As to the first factor, Mack's substance abuse problem, the government alleges that the district court was aware of his drug and alcohol use. The district court, in ordering Mack to undergo drug testing, stated that Mack had some history of modest substance abuse. (Sentencing Hearing Transcript, J.A. at 64). The Government further points out that Mack himself indicated that he did not believe himself to be an alcoholic. (PSR, J.A. at 76). As to Mack's family ties and responsibilities, the government argues that the district court was informed that Mack's wife and daughter were present in the courtroom at sentencing (Sentencing Hearing Transcript, J.A. at 59), Mack spoke of the effect of his conviction on his family (Sentencing Hearing Transcript, J.A. at 60), and the district court recommended imprisonment in a facility near his home in Georgia so Mack could be closer to his family. (Sentencing Hearing Transcript, J.A. at 62). Regarding Mack's military record, the government argues that trial counsel "wisely" did not emphasize Mack's military record, as he was dishonorably discharged from the Navy, having been convicted of Obstructing Justice and Breaking Restriction. (PSR, J.A. at 76). As to Mack's "troubled childhood," the government argues that Mack's lack of criminal history indicates that his conduct was not influenced by circumstances in his youth.

Based on the Supreme Court's decision in *Strickland*, Mack must show that his trial counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 689. As mentioned above, we presume that counsel's representation is within the range of reasonable professional assistance, and that defendant must overcome the presumption that the challenged action might be sound trial strategy. *Id*. Here, Mack has not argued that counsel's representation fell below an objective standard for reasonableness. Mack merely argues what trial counsel should have done differently. Further, as the government suggests, Mack's trial counsel's failure to address certain factors may have been strategic. As such, Mack has not shown that his trial counsel was deficient.

Even though Mack failed to show that his trial counsel was deficient, we will examine the final *Strickland* prong–whether the defendant was prejudiced by the deficiency–in order to determine whether the outcome would have been different absent the errors of counsel. *Strickland*, 466 U.S. at 694. Mack argues that if trial counsel had presented a substantial *Booker* argument and analysis to the district court, the outcome would likely have been different because the district court would have had an analysis of all of the § 3553(a) factors. Mack argues that consideration of the additional factors would likely have caused the district court to sentence Mack differently on the bank robbery charge. The government argues that Mack has not shown the "reasonable probability" of a different outcome. Pursuant to *Strickland*, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The government argues that the district court did consider the §3553(a) factors and imposed a sentence on the low end of the guideline range. The government further contends that the district court also acknowledged the advisory nature of the guidelines and its discretion resulting from the decision in *Booker*.

13

Mack submits no evidence that the district court would have imposed a different sentence upon hearing trial counsel's *Booker* argument. Since Mack has not shown a "reasonable probability" that the district court would have imposed a different sentence, he has not shown prejudice. As Mack has failed to show both that his trial counsel was deficient in representing him and that he was prejudiced by trial counsel's actions, his ineffective assistance of counsel claim is without merit.

### III. CONCLUSION

For the reasons set forth above, we grant the government's motion to dismiss the appeal on all grounds other than ineffective assistance of counsel and, as to that ground, we find it without merit.