NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0516n.06

Case No. 17-2470

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 17, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| EUGENE JACKSON, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT, DAUGHTREY, and STRANCH, Circuit Judges.

**MERRITT, Circuit Judge.** This is a direct criminal appeal in which the sole issue is defendant Eugene Jackson's claim that the district court abused its discretion in refusing to permit him to withdraw his guilty plea. We review a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998). We have reviewed the record and find that the district court did not abuse its discretion.

## I.

In August 2016, Jackson pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 924(e). Pursuant to his plea agreement, three other federal

counts were dismissed.[1] Plea Agreement at 6. Jackson also agreed to waive "any right he may have to appeal his conviction on any grounds," except an appeal based on ineffective assistance of counsel. *Id*. at 6-7. The plea agreement also allowed an appeal if his sentence exceeded 235 months, the top of his 188-235 month guideline range. *Id*. The court sentenced Jackson to a below-guidelines-range sentence of 180 months in prison, the mandatory minimum. Jackson filed a timely notice of appeal.

Jackson retained attorneys Michael Rataj and Jeffrey Osment to represent him below. A plea hearing was held on August 22, 2016. The district court questioned Jackson on all aspects of the plea agreement. Hr'g Tr. at 6-10. The court specifically asked Jackson whether his attorney or anyone else had promised him anything and whether anyone had forced or threatened him to get him to plead guilty, to which Jackson answered "no." *Id*. at 14. The district court accepted his guilty plea, finding that it was given knowingly, freely and voluntarily.

In November 2016, three months after Jackson entered his guilty plea, the district court received a *pro se* letter from Jackson stating that his relationship with Rataj had become "hostile." Jackson asked the court to "withdraw" Rataj and to appoint new counsel, and also stated that he "would like to withdraw [his] Plea." He claimed that he had told Rataj that he was innocent, but that Rataj had "coerced" him to accept the plea. Shortly thereafter, Jackson's attorneys filed a motion to withdraw from the representation, asserting that Jackson's letter contained "blatant falsehoods" and that the letter demonstrated that there had been a breakdown in the attorney-client relationship. When counsel appeared in court on January 24, 2017, for a hearing on the motion to withdraw as counsel, Rataj withdrew his motion, explaining that he and Jackson had "resolved

---

[1] The three dismissed counts are: (1) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); (2) making a false statement in acquiring a firearm, in violation of 18 U.S.C. § 922(a)(6); and (3) distribution of heroin, in violation of 21 U.S.C. § 841(a)(1).

[their] differences." Hr'g Tr. at 4. Jackson was present at the hearing, and the court asked him if he and Rataj had resolved their differences and if Jackson still believed Rataj had coerced him to take a plea. *Id*. at 6-7. Jackson confirmed that the problems were resolved and that he was prepared to continue to sentencing with Rataj as his attorney. *Id*. at 8-9. Based on Jackson's representations, the district court permitted counsel to withdraw the motion and continue to represent Jackson.

Sentencing was set for May 2017, but a week before the new sentencing date, defense counsel refiled their earlier motion to withdraw their representation of Jackson. That motion was granted on June 23, 2017 without another hearing, and a new attorney was appointed by the district court. New counsel filed a motion to withdraw Jackson's guilty plea on August 16, 2017, almost a year after the plea hearing. The motion was accompanied by an affidavit in which Jackson asserted that he was innocent and "went along with the plea" only because his former attorney "overcame [his] willpower." Ex. A to Motion to Withdraw at ¶¶ 1, 3. Jackson said that "after the plea" he told Rataj that he wanted to withdraw it, but Rataj refused to file a motion to withdraw, explaining that it was not in Jackson's best interest. *Id*. at ¶ 3. The motion also alleged that Jackson received ineffective assistance of counsel concerning his plea because his attorney "downplayed evidence of [Jackson's] innocence" and failed to consider the lack of credibility of the government witnesses. Memorandum in Support of Motion to Withdraw at 4. The district court heard oral argument and gave its ruling orally a week later. After a thorough analysis of the facts and law, the district court denied the motion, finding that Jackson's plea was knowing and voluntary, and that he had not shown any valid reason to withdraw it. The court also found that Jackson's allegations of ineffective assistance of counsel were without merit. Hr'g Tr. at 9-12

## II.

### A. Plea Waiver

The government contends that Jackson waived his right to appeal in the plea agreement, except for claims of ineffective assistance of counsel. As Jackson has raised a claim on appeal that his counsel was ineffective as it relates to his guilty plea, we will consider the merits of Jackson's appeal.

### B. Withdrawal of Guilty Plea Under Rule 11

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." Rule 11(d)(2)(B) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone . . . ." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991). A defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The Sixth Circuit has identified the following factors to guide district courts in deciding whether to grant a motion to withdraw a guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) [the] potential prejudice to the government if the motion to withdraw is granted.

*United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008) (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded on other grounds as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000)). No one factor controls; the list is general and

nonexclusive. *Bazzi*, 94 F.3d at 1027. The relevance of each factor will vary according to the "circumstances surrounding the original entrance of the plea as well as the motion to withdraw." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987).

Jackson concedes that there is little in the plea hearing to "facially" indicate that he was confused or of "unsure heart" when he entered his plea. Under the *Bashara* factors, Jackson's delay of three months before advising the court that he wanted to withdraw his plea weigh heavily against him. Jackson concedes that we have often found delays shorter than the one here to be too long. Our precedent supports this conclusion. *See, e.g., United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55-day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (35-day delay). Jackson blames the delay on his attorney, stating that he directed Rataj to withdraw the plea almost immediately after entering it, but Rataj failed to follow his instructions. Jackson relies on his affidavit to support his claim that he notified Rataj "on the day of or the day after" he entered his guilty plea that he wished to withdraw his plea. The record does not support his claim.

We give little weight to Jackson's claim in his affidavit because he did not request that the plea be withdrawn or make any of the claims he later put in his affidavit when, in January 2017, he appeared before the district court judge for a second time at the hearing on his counsels' motion to withdraw. If in fact he had been "coerced" into entering his guilty plea several months before, as he contends, and if he had directed his attorney to withdraw his guilty plea the day after it was entered, he should have raised his concerns with the district court judge when he stood before her in January 2017. Instead, when the court asked Jackson if he and his attorney had resolved their differences, and whether he still believed Rataj had coerced him to take a plea, Jackson answered that the problems were resolved and that he was prepared to continue to sentencing with Rataj as his attorney. Jan. 24, 2017, Hearing on Counsel's Motion to Withdraw at 6-9. The district court

specifically asked Jackson twice about any "lack of communication" with his counsel, but Jackson agreed the problem was "cured" and "repaired," and that he was satisfied with counsel's work. *Id.* at 6-8. The court also asked Jackson if he continued to believe that he had entered his guilty plea under "duress," and Jackson indicated that he no longer felt that way. *Id.* at 7.

Turning to the other *Bashara* factors, we hold that on balance they weigh against Jackson. Although Jackson has proclaimed his innocence in his affidavit, he failed to assert it when he stood before the judge in August 2016 at his plea hearing, and again in January 2017 when he appeared in court on his attorneys' motion to withdraw. Jackson also maintains he was "confused" because he had charges against him in both state and federal court simultaneously. But Jackson has extensive experience with the criminal justice system given his multiple prior convictions, and the plea agreement here is clear about the facts and law on which it relies. His belated argument that he was confused about his plea is not persuasive.

We recognize that Jackson had difficulties with his counsels' representation at certain points in the proceeding below, but, when the district court gave him the opportunity to speak for himself, he did not contradict his attorneys. On balance, we cannot say that the district court abused its discretion in denying his motion to withdraw his plea. Nor has Jackson demonstrated that the district court abused its discretion by failing to hold an evidentiary hearing as he has not put forth sufficient grounds to warrant such a hearing.

For the foregoing reasons, we affirm the judgment of the district court.